UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAHAN STEFAN SAHIB,

                         Plaintiff,                      REPORT AND
                                                                  RECOMMENDATION

                    -against-                     21-CV-4478 (AMD)

JJS TRANSPORTATION & DISTRIBUTION
COMPANY, et al.,

                        Defendants.
----------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

On August 9, 2021, defendants JJS Transportation & Distribution Company and

Harpreet Maho ("defendants") removed this action to federal court, citing diversity jurisdiction

as the predicate for removal. See Notice of Removal (Aug. 9, 2021) ("Notice"), Electronic

Case Filing Docket Entry #1.

Where subject matter jurisdiction is based on diversity of citizenship, "the forum

defendant rule applies." See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704 (2d

Cir. 2019) (quoting Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d

Cir. 2019)). Under that rule, as provided in 28 U.S.C. § 1441(b)(2), a defendant who is a

resident of the state in which removal is sought is barred from removing the action to federal

court. See Gibbons, 919 F.3d at 704-05; 28 U.S.C. § 1441(b)(2) (an action that is "otherwise

removable solely on the basis of [diversity of citizenship] may not be removed if any of the

parties in interest properly joined and served as defendants is a citizen of the State in which

such action is brought."). A district court may, within 30 days of the filing of the notice of

removal, order remand *sua sponte* based on such a procedural defect.[1]  See Martha Barotz

2006-1 Insurance Trust v. Barotz, 20-CV-02605 (PMH), 2020 WL 1819942, at *1 n.1

(S.D.N.Y. Apr. 10, 2020); BCAT REO LLC v. Gordon, No. 15-CV-5093 (SJF)(AKT), 2015

WL 5664421, at *1 (E.D.N.Y. Sept. 24, 2015); see also 28 U.S.C. § 1447(c).

Here, it is undisputed that the removing defendants are both citizens of New York.

See Notice ¶ 4.  Therefore, since defendants are citizens of the state in which the action was

brought, this Court recommends that this action be remanded to state court pursuant to the

forum defendant rule.

In addition, the party seeking removal to federal court bears the burden of

establishing that the requirements for diversity jurisdiction have been met.  See Mehlenbacher

v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).   The amount in controversy is

evaluated "on the basis of the pleadings, viewed at the time when defendant files the notice of

removal."   Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 239 (2d Cir. 2014).

In the instant action, the complaint served on defendants does not contain

an *ad damnum* and defendants do not cite to any allegation in the complaint to demonstrate that

plaintiff seeks damages in excess of $75,000.  See Notice ¶ 2.  Where, as here, "the

jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's

notice of removal fails to allege facts adequate to establish that the amount in controversy

exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for

---

[1] Even if the remand order is not filed within 30 days of removal, so long as the procedural ground is raised by the Court within 30 days of removal, section 1447(c)'s 30-day limit is satisfied.   See JP Morgan Chase Bank, N.A. v. Caires, 768 F.App'x 73, 75 (2d Cir. 2019); Jimenez-Castro v. Greenwich Ins. Co., 20-cv-09210 (ALC), 2020 WL 7352505, at *2 (S.D.N.Y. Dec. 15, 2020).

removing the plaintiff's action from state court." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994).   Therefore, defendants' failure to establish the requirements for diversity jurisdiction is an independent basis upon which the action should be remanded to state court.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable Ann M. Donnelly on or before **August 25, 2021**.   Failure to file objections in a timely manner may waive a right to appeal the District Court order.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
         **August 11, 2021**

/s/     *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

3